

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHBIR SINGH,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>BEN CURRY, Warden,<br><br>　　　　　Respondent. | No. C 08-1281 CRB (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' ("BPH") August 29, 2006 decision to deny him parole.

Per order filed on November 7, 2006, the court found that petitioner's claim that the BPH's decision finding him not suitable for parole does not comport with due process appears colorable under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause and petitioner has filed a traverse.

**BACKGROUND**

On March 6, 1987, petitioner pled guilty to second degree murder in Fresno County superior court and was sentenced to an indeterminate term of 15 years to life in state prison with the possibility of parole.

Petitioner was denied parole until August 5, 2004, at which time the BPH found him suitable for parole and granted him a parole date. Shortly thereafter, the governor reversed the BPH's decision.

Petitioner received a subsequent parole suitability hearing on August 31, 2005, but the BPH found him not suitable for parole and denied him a subsequent hearing for one year. Petitioner unsuccessfully sought habeas relief from the California courts and this court.

Petitioner received another parole suitability hearing on August 26, 2006 and again was denied parole, but this time for three years.

Petitioner challenged the BPH's August 26, 2006 decision in the state superior, appellate and supreme courts. After the Supreme Court of California denied his petition for review on January 23, 2008, the instant federal petition for a writ of habeas corpus followed.

## DISCUSSION

A.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

B.   Legal Claims and Analysis

Petitioner seeks federal habeas corpus relief from the BPH's August 26, 2006 decision finding him not suitable for parole, and denying him a subsequent hearing for three years, on the ground that the decision does not comport with due process. Petitioner claims that the BPH's decision is not supported by some evidence in the record having an indicia of reliability.

California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b). In making this determination, the

3

board must consider various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime. See Cal. Code Regs. tit. 15, § 2402(b) – (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole" which cannot be denied without adequate procedural due process protections. Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002). It matters not that, as is the case here, a parole release date has not been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003).

Due process requires that "some evidence" support the parole board's decision that petitioner is unsuitable for parole. Sass, 461 F.3d at 1125 (holding that the "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985), applies to parole decisions in § 2254 habeas petition); Biggs, 334 F.3d at 915 (same); McQuillion, 306 F.2d at 904 (same). The "some evidence" standard is minimally stringent and ensures that "the record is not so devoid of evidence that the findings of [the BPH] were without support or otherwise arbitrary." Hill, 472 U.S. at 457. Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by [the BPH]." Id. at 455-56 (quoted in Sass, 461 F.3d at 1128).

When assessing whether the BPH's parole unsuitability determination is supported by "some evidence," this court's analysis is framed by California's

4

statutes and regulations governing parole suitability determinations. See Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007); Biggs, 334 F.3d at 915. California's statutes and regulations require that the BPH's parole unsuitability determination be supported by some evidence of the prisoner's dangerousness at the time of the hearing. See In re Lawrence, 44 Cal. 4th 1181, 1191 (2008) ("standard of review properly is characterized as whether 'some evidence' supports the conclusion that the inmate is unsuitable for parole because he or she currently is dangerous").

Due process also requires that the evidence underlying the BPH's decision have some indicia of reliability. Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904. Relevant in this inquiry "is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board." Morales v. California Dep't of Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994), rev'd on other grounds, 514 U.S. 499 (1995). In sum, if the BPH's parole unsuitability determination is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005).

The record shows that petitioner and his counsel had an opportunity to speak and present their case at the BPH panel hearing. The BPH also gave them time to review petitioner's central file, allowed them to present relevant documents, and provided them with a reasoned decision in denying parole.

The panel concluded that petitioner "is not suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if he was released from prison." Aug. 29, 2006 Hr'g Tr. at 52 (Doc. #13-1 at 2-61). The panel explained that it found that the offense was carried out in an especially cruel and callous manner because petitioner argued with his wife in front of their four-year-old son, grabbed her by the hair, pulled her down to the floor, and used

a knife to slit her throat. Id. at 52. The panel found that the offense was committed in a dispassionate and calculated manner because when petitioner's son tried to help his mother, petitioner ordered his son to go to a neighbor's home. The panel found that the offense was carried out with a callous disregard for human suffering because petitioner stabbed his wife nineteen times, including a deep stab wound to the heart. Id. at 53.

The panel noted that petitioner "cited alcohol as a major part of the commitment offense" and has been participating in Alcoholics Anonymous (AA) for seventeen years. Id. at 53. But despite this seventeen-year commitment, petitioner denied being an alcoholic and could not name any of AA's twelve steps. Id. at 23, 41-42. When the panel brought up a specific step, petitioner did not remember it, let alone show that he followed it. Id. at 23-24.

The panel noted that petitioner "presented no viable residential plans in your last legal residence county, or for that matter, anywhere in California, to this panel today." Id. at 54. Petitioner verbally indicated that he would stay with his brother in Fresno and that he had employment plans, but did not support these claims with documentation. Id. at 25-26. Prior to the hearing, petitioner's parole counselor had suggested that petitioner update his support letters, but the panel noted that petitioner had failed to do so. Id. at 54; Aug. 2006 Life Prisoner Evaluation Report ("LPER") at 6 (Doc. #11-14 at 52-58).

The panel found that petitioner continued to blame the crime on his wife's adultery and alcohol, just as he had at prior hearings. Petitioner stated, "My wife's adultery, that's why I start[ed] drinking." Aug. 29, 2006 Hr'g Tr. at 36. He also stated, "My crime happened because [I was] drinking alcohol." Id. at 25. "Without alcohol, if I [was] no[t] drinking probably I [would] not [be] in prison today." Id. at 16. But again, the panel noted that petitioner denied that he is an

alcoholic. Id. at 41.

The panel found that petitioner mentally minimized the gravity of his offense and "fail[ed] to understand the magnitude of this vicious murder." Id. at 56. When asked what he had done and who he had harmed, petitioner responded, "I have forgiven people, you know, forgiven myself for any of the things that I have done." Id. at 24. Petitioner also stated that AA taught him that in prison, "[I]f you learn you can correct your mistake." Id. at 16. In its decision, the panel noted that petitioner's crime "was not exactly a mistake" and rather was a "very grave crime" for which petitioner "blame[ed] everyone else and failed to take responsibility for [] yourself." Id. at 56. The panel noted that the previous panel had told petitioner the same thing, but it apparently had little effect. Id.

After questioning petitioner, the panel summed up the reasons for its decision:

> . . . Today, as you have in the past, you blame the crime on your wife's adultery and alcohol and you said, and I quote, to this Panel, I quote: "I have forgiven myself for all the things I have done." Your testimony today is that you are not an alcoholic. You have participated in alcohol – in AA, for over 17 years. Today you were asked to recount one step and you were not able to do that. You also told this Panel that prison is where you learned to correct your mistakes. Sir, this crime was not exactly a mistake. In fact, you were told this by the prior Panel last year. This is a very grave crime and you blame everyone else and fail to take responsibility for it yourself.

Id. at 56.

The panel also considered positive factors. The panel noted that petitioner has been lauded for his 2004-2005 prison work in clothing and that he has participated in self-help and therapy. See id. at 27. It also noted that the psychologist evaluator opined that petitioner had a low assessment of dangerousness and a high level of functioning. Id. at 54. The panel commended petitioner for good behavior while in prison and noted that he had no serious

7

infractions on his record. Id. at 53. But the panel found that the factors supporting suitability were outweighed by the factors supporting unsuitability and concluded that petitioner would "pose an unreasonable risk of danger to society or threat to public safety if he was released from prison." Id. at 52.

The state superior court upheld the decision of the BPH, and the state appellate and supreme courts summarily affirmed. The superior court reviewed the record and found that "there was at least some evidence to support the Board's conclusion that releasing petitioner could pose an unreasonable risk to society or a threat to public safety, based on the violent nature of the original offense and the Board's belief that petitioner fails to understand the nature and magnitude of the crime." In re Raghbir Sing, No. 07CRWR678280, slip op. at 2 (Cal. Super. Ct. Apr. 9, 2007) (Doc. #11-3). The court also found that the BPH's decision was supported further by petitioner's continued blaming of his wife's adultery for his actions and continued propensity to minimize his responsibility in the crime. Id. at 2-3. And the court specifically found that BPH's concern that petitioner had gained little from participating in AA was supported by petitioner's denial that he is an alcoholic and petitioner's unfamiliarity with AA's twelve steps. Id. at 3-4.

The state court's rejection of petitioner's due process claim was not contrary to, or an unreasonable application of, the Hill "some evidence" standard, nor was it based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The BPH's August 26, 2006 decision to deny petitioner parole is supported by some evidence in the record bearing some indicia of reliability.

The inquiry under Hill is simply "whether there is any evidence in the record that could support the conclusion reached by the [BPH]." Hill, 474 U.S. at 455-56 (emphasis added). In this case, there is. Petitioner murdered his wife in an especially atrocious and cruel manner, slitting her throat in front of their four-

year-old son and then stabbing her nineteen times. At the hearing, petitioner blamed the crime on his wife's adultery and his alcohol use, and continued to express little responsibility for his actions. And although petitioner repeated that alcohol was "the devil" behind his actions, he continued to insist that he was not an alcoholic and could not identify any of AA's twelve steps or elaborate on a step when one was identified for him. This evidence – along with petitioner's failure to document his parole plans – tends to show unsuitability under pertinent state statutes and regulations, see Cal. Code Regs. tit. 15, § 2402(c) & (d) (listing circumstances tending to show unsuitability for parole and circumstances tending to show suitability), and constitutes "some evidence" of dangerousness under Hill, see Hill, 474 U.S. at 455-56; see also In re Lawrence, 44 Cal. 4th at 1191 (California's statutes and regulations require that BPH's parole unsuitability determination be supported by some evidence of prisoner's dangerousness at time of hearing). It is not up to this court to "reweigh the evidence." Powell v. Gomez, 33 F.3d 39, 42 (9th Cir. 1994).

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: AUG 6 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.08\Singh, R1.merits.wpd

9

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAGHBIR SINGH,

          Plaintiff,

v.

B. CURRY et al,

          Defendant.
_____/

Case Number: CV08-01281 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raghbir Singh D-54338
CTF-Soledad
YW-331-Low
P.O. Box 689
Soledad, CA 93960

Dated: August 6, 2009

Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk